# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CR-15-196-M |
| RICKY C. WILLIAMS, | ) |
| Defendant. | ) |
| and | ) |
| USAA FEDERAL SAVINGS BANK, and its successors or assigns, | ) |
| Garnishee. | ) |

## ORDER

On July 20, 2017, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation in this post-judgment garnishment proceeding. The Magistrate Judge recommended that the government's Application for Post-Judgment Writ of Garnishment be denied. The government was advised of its right to object to the Report and Recommendation by August 7, 2017. The government filed its objection on August 7, 2017.

On October 19, 2016, defendant Ricky C. Williams ("Williams") was sentenced to thirty months of imprisonment and a one year term of supervised release and was ordered to pay restitution in the amount of $240,361.00 and a special assessment of $100.00. Both orally at sentencing and in its written judgment, the Court ordered that the restitution was due immediately and if restitution was not paid immediately, Williams shall make payments of 10% of his quarterly

earnings during the term of imprisonment.[1] On December 17, 2016, the government filed its application for post-judgment writ of garnishment. Williams objected to the writ of garnishment, asserting that he was not yet required to make payments and that the requested garnishment would force him to pay a debt not yet due.

The government can enforce an order of restitution as if it were a lien or civil judgment in favor of the United States. *See* 18 U.S.C. § 3613(a),(c),(f); 18 U.S.C. § 3664(m)(1)(A)(i). "Among the government's enforcement tools is the writ of garnishment. *Id*. § 3205(a)." *United States v. Martinez*, 812 F.3d 1200, 1202 (10th Cir. 2015). However, "the government can enforce only what the district court has ordered the defendant to pay." *Id.* Thus, whether the government's application for post-judgment writ of garnishment should be granted depends on the specific language of this Court's judgment.

In this case, the Court specifically ordered that the restitution was due immediately. Further, the Court set a payment schedule if the restitution was not paid in full. Because the Court ordered that the restitution was due immediately, the Court finds that the total amount of restitution is currently due and that the government can enforce the restitution order by way of the instant application for post-judgment writ of garnishment. *See United States v. Behrens*, 656 F. App'x 789, 790 (8th Cir. 2016) (finding payment schedule set forth in judgment did not preclude garnishment because judgment specified that amount owed was due in full on date of judgment); *United States v. Shusterman*, 331 F. App'x 994, 996-97 (3d Cir. 2009) (finding district court did not err in allowing garnishment as additional means to collect restitution judgment when judgment

---

[1] The Court further ordered that if restitution was not paid in full at the time of Williams' release from confinement, Williams shall make payments the greater of $100.00 per month or not less than 10% of his gross monthly income, as directed by the probation officer.

provided that restitution is due immediately and that if entire restitution is not paid in full, defendant shall pay monthly installments).[2]

Accordingly, the Court:

(1) DECLINES TO ADOPT the Report and Recommendation [docket no. 61] issued by the Magistrate Judge on July 20, 2017, and

(2) GRANTS the government's Application for Post-Judgment Writ of Garnishment [docket no. 43].

**IT IS SO ORDERED this 2nd day of October, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[2] Both Williams and the Magistrate Judge relied on the Tenth Circuit's decision in *Martinez*. However, *Martinez* is factually distinguishable from the instant case. In *Martinez*, the restitution order only required the defendant to make monthly installments and did not order that full restitution was due immediately.